UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

June 16, 2014

MEMO TO COUNSEL RE:  Tameka Pridget v. Baltimore City Board of School Comm.
Civil No. JFM-13-2784

Dear Counsel:

Presently are pending four motions. I will address each in order.

1. Plaintiff's motion to strike defendants' motion to dismiss the class action allegations or deny class certification

The motion is denied. I am disappointed that such a motion was filed by the Public Justice Center and its attorneys. In any event, the motion is immaterial. Defendants acted within their rights in filing a motion to dismiss the class actions allegations made in the complaint, and their motion to dismiss the class action allegations added nothing of substance to their motion to dismiss. In any event, it is well within my discretion whether to accept a late filing, and I clearly would have accepted defendant's motion to dismiss the class allegations because I would have wanted to hear from defendants before providing plaintiffs with the leverage that the pendency of a class action might have.

2. Defendants' motion to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction and to dismiss the class action allegations

I will defer ruling upon the motion to dismiss until I have had an opportunity to discuss with counsel the best manner in which to proceed. I understand that defendants (with the assistance of the Public Justice Center) have put into place the dispute resolution mechanism required by law. The establishment of that mechanism may mean that plaintiffs must exhaust administrative remedies before seeking judicial relief. Rather than ruling upon that issue, however, it may be worthwhile for me to discuss with counsel whether they are willing to have me administratively close this case while the dispute resolution mechanism is being pursued.

To the extent that defendants request that I dismiss the class action allegations, the motion is granted. The claims asserted by plaintiffs are peculiar to them, e.g., being denied reimbursement for school uniforms, and nothing in the present record suggests that these claims are typical of claims of other class members. Furthermore, the establishment of the dispute resolution mechanism draws into question the appropriateness of a class action. Of course, I will re-visit the issue at a later stage of these proceedings if the factual record changes.

3. <u>Defendants' motion to remove class counsel and/or to deny class certification</u>

The motion is denied as moot.

4. <u>Plaintiff's motion to strike defendants' motion to remove class counsel and/or deny class certification</u>

The motion is denied as moot.

    A scheduling conference will be held by telephone on June 30, 2014 at 4:00 pm. I ask counsel for plaintiff to make the necessary arrangements for the conference call.

    I very much hope that despite what has thus far transpired, counsel can reestablish a cordial, professional, and constructive relationship.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge